# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUSTYNA JENSEN, <br><br>        *Plaintiff,* <br><br>   v. <br><br> MARYLAND CANNABIS ADMINISTRATION AND WILLIAM TILBURG, <br><br>        *Defendants.* | **COMPLAINT FOR** <br><br>   **1. 42 U.S.C. § 1983 DORMANT COMMERCE CLAUSE** <br><br>   **2. DECLARATORY JUDGMENT** <br><br><br> Civil Action No.: |

## COMPLAINT

### INTRODUCTION

Plaintiff Justyna Jensen brings this action against defendants Maryland Cannabis Administration ("MCA") and William Tilburg (together, "Defendants").  Plaintiff sues Defendants over Defendants' unconstitutional application program for adult use retail dispensary cannabis licenses.

### PARTIES

1.　　Plaintiff Justyna Jensen is a citizen of California.  She has never lived in Maryland.

2.　　Defendant MCA is an independent agency of the State of Maryland that oversees all licensing for Maryland's medical and adult-use cannabis industry.

3.      Defendant William Tilburg is the acting director of the MCA.  Plaintiff sues Mr. Tilburg in his official capacity.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. section 1331 because the action involves questions under the United States Constitution.

5.      The Court has personal jurisdiction over the MCA because it is a citizen of Maryland.

6.      The Court has personal jurisdiction over Mr. Tilburg because, on information and belief, he is a domiciliary of Maryland and he took the actions complained of herein while in Maryland.

7.      Venue is proper in this Judicial District under 28 U.S.C. section 1391(b)(1) because, on information and belief, the MCA is an agency of Maryland, the laws challenged herein were passed in this judicial district, and Defendants performed the actions complained of herein while within this judicial district.

## RELEVANT FACTS

### A. Defendants' Adult Use Application Program Favors Maryland Residents in Violation of the Dormant Commerce Clause

8.      On May 3, 2023, the legislature amended Md. Code, Alc. Bev. § 36, to add provisions for adult use cannabis business licenses.  On July 1, 2023, Defendants amended the Maryland Regulations (C.O.M.A.R. 14.17.01.00, *et seq.*) to add provisions for adult use cannabis business licenses.  The sections below refer to the amended Code and Regulations.

9.      Under Md. Code, § 36-404(d)(1), the first round of cannabis business licenses will be awarded by a lottery.  The lottery is reserved for "social equity applicants."

10.     Under C.O.M.A.R. 14.17.05.02(B), the MCA will accept cannabis business license applications only if the applications conform with the requirements of Md. Code, § 36-404, including the social equity applicant requirements.  Under C.O.M.A.R. 14.17.05.02(G), "The Administration may verify an applicant's status as a social equity applicant prior to the initial

application and licensure." Under C.O.M.A.R. 14.17.05.03(E)(3)(d) "For the first round of licensing and otherwise as required under Alcoholic Beverages and Cannabis Article, § 36-404, Annotated Code of Maryland, for any subsequent round of licensing, documentation that the applicant meets the requirements of a social equity applicant."

11.      Under Md. Code, § 36-101(ff), "Social equity applicant" means an applicant for a cannabis license or cannabis registration that:

(1) has at least 65% ownership and control held by one or more individuals who:

(i) have lived in a disproportionately impacted area for at least 5 of the 10 years immediately preceding the submission of the application;

(ii) attended a public school in a disproportionately impacted area for at least 5 years; or

(iii) for at least 2 years, attended a 4-year institution of higher education in the State where at least 40% of the individuals who attend the institution of higher education are eligible for a Pell Grant; or

(2) meets any other criteria established by the Administration.

12.      Under C.O.M.A.R. 14.17.01.01(B)(45), "Social equity applicant" means an applicant for a cannabis license or cannabis registration that:

(a) Has at least 65 percent ownership and control held by one or more individuals who:

(i) Have lived in a disproportionately impacted area for at least 5 of the 10 years immediately preceding the submission of the application;

(ii) Attended a public school in a disproportionately impacted area for at least 5 years; or

(iii) For at least 2 years, attended a 4-year institution of higher education in the State where at least 40 percent of the individuals who attend the institution of higher education are eligible for a Pell Grant; or

(b) Meets any other criteria established by the Administration.

13.     The application period closed on December 12, 2023.   *See* https://mmcc.maryland.gov/Pages/Cannabis-Business-Licensing.aspx.

**B.   Plaintiff Satisfies All Application Requirements Except the Unconstitutional Maryland Residency Requirement**

14.     Plaintiff applied for verification as a social equity applicant for round one of the license application program.  Plaintiff satisfies all requirements for a social equity applicant except the unconstitutional Maryland residency requirement.

15.     For two years, Plaintiff attended a four-year institution of higher education in California where at least 40% of the individuals who attend the institution of higher education are eligible for a Pell Grant.  Plaintiff submitted to Defendants documentation to prove that she attended such a university.

16.     On November 10, 2023, the contractor for Defendants called Plaintiff regarding her application.  The contractor stated that "out of state universities do not qualify" for a social equity applicant.  When asked twice if there was any problem with Plaintiff's cannabis business license application other than the out-of-state college, the contractor responded that the call was only about Plaintiff's social equity status and the issue was the out-of-state college.

17.     Defendants rejected Plaintiff's application by letter dated December 13, 2023.  The letter states, "This notice is to inform you that the State's partner in verifying your status as a social equity applicant was unable to verify that you meet the eligibility in any one of the [social equity applicant] criteria."

18.     Plaintiff requested her application report.  The report states, "On 11/10/2023 the candidate was contacted via phone for additional information. The candidate was responsive to our outreach on 11/10/2023 via phone and was unable to provide us sufficient information to proceed with the validation."

4

## FIRST CAUSE OF ACTION

### (Dormant Commerce Clause, 42 U.S.C. § 1983)

### (Plaintiff Against All Defendants)

19.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

20.     A state, including its subdivisions, may not enact laws that discriminate against citizens of other states.  *See, e.g., Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S. Ct. 2449 (2019); *Fulton Corp. v. Faulkner*, 516 U.S. 325, 116 S. Ct. 848 (1996); *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93 (1994); *Dean Milk Co. v. Madison*, 340 U.S. 349 (1951).

21.     Defendants enforce the Maryland Code and Maryland Regulations described above. To participate in the lottery for the first round of cannabis business licenses, an applicant must satisfy one of the three qualifiers for a social equity applicant.  One of the qualifiers is attendance at a college in Maryland for at least two years where at least 40% of the students receive Pell Grants.

22.     All or nearly all students who attend college in Maryland will live in Maryland while school is in session.  Moreover, Maryland residents are more likely than out-of-state residents to have attended college in Maryland for at least two years.  Thus, the Maryland Code and Maryland Regulations facially discriminate against out-of-state residents in violation of the dormant Commerce Clause of the United States Constitution.

23.     Defendants violated Plaintiffs' rights by depriving Plaintiff of the opportunity to participate in the lottery, in violation of the dormant Commerce Clause.

24.     Injunctive relief is necessary to prevent Defendants from issuing licenses under their unconstitutional application program.

25.     Injunctive relief is necessary to prevent Defendants from processing any applications for a storefront cannabis dispensary license Defendants received in the application

program that closed on December 12, 2024, because the residency preferences violate the United States Constitution and subject Plaintiff to serious, concrete, and irreparable injuries.

## SECOND CAUSE OF ACTION

### (Declaratory Relief, 28 U.S.C. § 2201)

### (Plaintiffs Against All Defendants)

26.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the preceding paragraphs of the Complaint as though fully set forth herein.

27.     The application program violates the dormant Commerce Clause of the United States Constitution.  An actual controversy exists between Plaintiff and Defendants as to whether Defendants may proceed with issuing cannabis business licenses under the application program that favors Maryland residents over out-of-state residents.  An actual controversy exists between Plaintiff and Defendants as to whether Defendants may enforce the Maryland Code and Maryland Regulations discussed above that favor Maryland residents.

28.     Declaratory relief is necessary to resolve this dispute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1.  For the first claim, an injunction:

   a.  Prohibiting Defendants from taking any further steps to process any applications for cannabis business licenses from the application program that closed on December 12, 2023.

   b.  Prohibiting Defendants from enforcing any portions of the Maryland Code or the Maryland Regulations that favor Maryland residents over out-of-state residents for cannabis business licenses, including Maryland Code section 36-101(ff); Md. Code, § 36-404(d)(1); C.O.M.A.R. 14.17.05.02(B); C.O.M.A.R. 14.17.05.02(G); C.O.M.A.R. 14.17.05.03(E)(3)(d).

2.  For the second claim, a declaration that:

   a.  Md. Code, § 36-101(ff); Md. Code, § 36-404(d)(1); C.O.M.A.R. 14.17.05.02(B); C.O.M.A.R. 14.17.05.02(G); and C.O.M.A.R. 14.17.05.03(E)(3)(d) violate the dormant Commerce Clause.

b.  Defendants cannot proceed with processing or issuing any cannabis business licenses under the application program that closed on December 12, 2023.

3.  An award of attorneys' fees and costs.

4.  For such other and further relief as this Court shall deem appropriate.


Dated: January 26, 2024

Respectfully submitted,

**FURMAN HONICK LAW**

By:  _____

Allen E. Honick, Esq.
Bar No. 19822
*Attorneys for Plaintiff – Local Counsel*
11155 Red Run Blvd., Ste. 110
Owings Mills, MD 21117
(410) 844-6000
Email: allen@fhjustice.com


**JEFFREY M. JENSEN, P.C.**

By:  */s/ Jeffrey M. Jensen*

Jeffrey M. Jensen, Esq.
*Pro Hac Vice – Admission Pending*
California Bar No. 262710
*Attorney for Plaintiff – Lead Counsel*
9903 Santa Monica Blvd. #890
Beverly Hills, CA 90212
(310) 909-7043
Email: jeff@jensen2.com