IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JUSTYNA JENSEN, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 24-0273-BAH |
| MARYLAND CANNABIS ADMINISTRATION ET AL., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before the Court is Defendants Maryland Cannabis Administration and William Tilburg's ("Defendants") motion to dismiss, ECF 32 (the "Motion"). Plaintiff Justyna Jensen ("Jensen" or "Plaintiff") opposes the Motion, ECF 36, and Defendants filed a reply, ECF 41. All filings include memoranda of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Defendants' Motion is **GRANTED**.

## I. BACKGROUND

The relevant factual allegations are set forth in the Court's previous memorandum opinion, ECF 29,[2] and the Court will not repeat them in detail here. In short, Plaintiff alleges that the criteria for entry into Maryland's "social equity lottery" for licenses to sell cannabis in Maryland, and its

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[2] The Court's opinion addressing the TRO/PI motion is also found at *Jensen v. Maryland Cannabis Admin.*, 719 F. Supp. 3d 466, 483 (D. Md. 2024).

implementing regulations, unconstitutionally discriminate against out-of-state residents in violation of the Dormant Commerce Clause. ECF 29, at 4. Plaintiff filed her complaint on January 26, 2024, and requested declaratory relief. ECF 1. Plaintiff then filed a motion for a temporary restraining order ("TRO") and preliminary injunction ("PI"), ECF 19, which Defendants opposed, ECF 24. A hearing was held on February 22, 2024. ECF 28. The Court declined to issue a TRO or PI for the reasons explained in its prior memorandum opinion. ECF 29. On March 8, 2024, Defendants filed the Motion.

Plaintiff then filed an interlocutory appeal, seeking review of the decision on the TRO/PI. *See* ECF 33. This case was stayed pending the resolution of that appeal. *See* ECF 43. The Fourth Circuit ultimately affirmed this Court's ruling, albeit on grounds different than those on which this Court initially decided the issue,[3] and found that Plaintiff failed to demonstrate a likelihood of success on the merits. *Jensen v. Md. Cannabis Admin.*, 151 F.4th 169, 177 (4th Cir. 2025). Plaintiff petitioned the Fourth Circuit for a rehearing en banc, which was denied. The Fourth Circuit then issued its mandate on October 8, 2025, ECF 48, and the Court now lifts its stay and addresses the Motion.

---

[3] This Court held that Jensen was not likely to succeed on the merits of her claim because "the dormant Commerce Clause does not apply to state recreational cannabis laws." *Jensen*, 719 F. Supp. 3d at 483. The Fourth Circuit determined that Jensen would not succeed on the merits of her claim for a different reason, by finding that even if it applied to the cannabis growing market, the Dormant Commerce Clause was not violated by the licensing scheme Jensen challenged. *Jensen v. Md. Cannabis Admin.*, 151 F.4th 169, 176 (4th Cir. 2025) ("Assuming without deciding, for the sake of argument, that the Dormant Commerce Clause did govern the recreational marijuana market, Jensen's claim would still fail for one glaring reason: the challenged in-state institution of higher education criterion is not discriminatory.").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

## III. ANALYSIS

Defendants argue that Plaintiff's complaint should be dismissed for two reasons: (1) the Dormant Commerce Clause does not apply to Maryland's cannabis licensing; and (2) the doctrine of laches precludes Plaintiff from obtaining equitable relief in the form of an injunction and declaratory judgment. The Court need not reach the second argument because the Motion can be decided on the first. The Court agrees that Plaintiff's complaint must be dismissed for same reason articulated in its prior ruling, namely that the Dormant Commerce Clause does not apply to the cannabis industry. *See* ECF 29, at 24. Further, even if the Dormant Commerce Clause did apply,

the Fourth Circuit has unequivocally held that the licensing scheme challenged by Plaintiff does not violate it. *Jensen,* 151 F.4th at 177. As such, Plaintiff fails to state a claim upon which relief can be granted and the matter must be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiff's complaint will be dismissed.

A separate order will issue.

Dated: October 20, 2025

/s/
Brendan A. Hurson
United States District Judge